**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Denise Lussier, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   12 C 5445 |
| | ) | |
| Cavalry Portfolio Services, LLC, a | ) | |
| Delaware limited liability company, and | ) | |
| Central Portfolio Control, Inc., a | ) | |
| Minnesota corporation, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Denise Lussier, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt

collection actions violated the FDCPA, and to recover damages for Defendants'

violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.      Plaintiff, Denise Lussier ("Lussier"), is a citizen of the State of

Massachusetts, from whom Defendants attempted to collect a delinquent consumer

debt that she allegedly owed for a Bank of America account, despite the fact that she

was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal

Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Cavalry Portfolio Services, LLC ("Cavalry"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Cavalry operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Cavalry was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant Cavalry and its related companies are bad debt buyers that specialize in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts they then try to collect through other debt collectors.

6.      Defendant, Central Portfolio Control, Inc. ("CPC"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  CPC operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant CPC was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

7.      Defendants Cavalry and CPC are each authorized to conduct business in

2

Illinois and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Cavalry and CPC both conduct extensive and substantial business in Illinois.

8.      Moreover, Defendants Cavalry and CPC are each licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants Cavalry and CPC both act as debt collectors in Illinois.

## FACTUAL ALLEGATIONS

9.      Ms. Lussier is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a consumer debt she allegedly owed for a Bank of America account. At some point in time after that debt became delinquent, it was bought/acquired by Defendant Cavalry, and when Cavalry began trying to collect this debt from Ms. Lussier, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

10.     Specifically, Defendant Cavalry hired J.C. Christensen & Associates ("JCC") to demand payment of the Bank of America debt from Ms. Lussier, which did so by sending her a collection letter, dated January 14, 2012. A copy of this collection letter is attached as Exhibit C.

11.     Accordingly, on March 13, 2012, one of Ms. Lussier's attorneys at LASPD informed Defendant Cavalry, through its agent, JCC, that Ms. Lussier was represented by counsel, and directed Cavalry to cease contacting her, and to cease all further collection activities because Ms. Lussier was forced, by her financial circumstances, to

refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Group Exhibit D.

12.     Undeterred, despite being advised that Ms. Lussier was represented by counsel and refused to pay the debt, Defendant Cavalry then had Defendant CPC demand payment from Ms. Lussier of the Bank of America debt, which did so by sending her a collection letter, dated April 9, 2012, demanding payment of the Bank of America debt. A copy of this collection letter is attached as Exhibit E.

13.     Accordingly, on June 26, 2012, Ms. Lussier's LASPD attorneys had to send Defendants another letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

14.     All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

16.     Plaintiff adopts and realleges ¶¶ 1-15.

17.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18.     Here, the letter from Ms. Lussier's agent/attorney, LASPD, told

4

Defendants to cease communications and to cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

19.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

20.     Plaintiff adopts and realleges ¶¶ 1-15.

21.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

22.     Defendants knew, or readily could have known, that Ms. Lussier was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibit D), that Ms. Lussier was represented by counsel, and had directed a cessation of communications with Ms. Lussier.  By directly sending Ms. Lussier a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

5

**PRAYER FOR RELIEF**

Plaintiff, Denise Lussier, prays that this Court:

1.      Find that Defendants' debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Lussier, and against Defendants, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Denise Lussier, demands trial by jury.

Denise Lussier,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  July 10, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

6